IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. COLLINS,

    Plaintiff,               CV F 06 1608 AWI WMW

    vs.                       **AMENDED SCHEDULING ORDER**

KATHY MENDOZA-POWERS, et al.,

    Defendants.

                                     Expert Disclosure Deadline: 1/18/08

                                     Non-Expert Discovery Deadline: 12/7/07

                                     Expert Discovery Deadline: 5/7/08

                                     Non-Dispositive Motion Filing Deadline: 8/20/08

                                     Dispositive Motion Filing Deadline: 9/15/08

                                     Trial Date: 11/18/08 at 9:00 a.m
                                     Jury Trial
                                     Estimated Trial Time: 5-7 days

    1. Date of Scheduling Conference: April 19, 2007.

    2. Appearances of Counsel: Kevin Ma. Zietz appeared on behalf of Plaintiff' John Padrick appeared on behalf of Defendants.

    3. The Pleadings:

        A. Summary of the Pleadings.

1

**A. Plaintiffs' Factual and Legal Contentions.**

The plaintiff is an inmate at Avenal State Prison. Mr. Collins is represented by Kevin M. Zietz. Plaintiff alleges the defendants were deliberately indifferent to his medical needs in violation of the Eighth and Fourteenth Amendments of the United States Constitution. The administrative defendants are alleged to have failed to train, supervise and discipline employees which led to a delay in Mr. Collins's knee surgery, and to have failed to properly treat his requests for treatment in a timely fashion. Plaintiff alleges general damages for pain and suffering caused by the violation of his constitutional rights, in addition to reasonable attorneys' fees, statutory damages, and punitive and exemplary damages.   Under California law, plaintiff alleges the defendants failed to summon medical care in violation of Government Code section 845.6, and interfered with rights protected by Civil Code section 52.1(b).

**B. Factual and Legal Contentions of Defendants.**

Defendants KATHY MENDOZA-POWERS, S. MADRUGA, SAMPATH SURYADEVARA, M.D. and WILLIAM McGUINNESS, M.D. are represented by John Padrick Defendant Woodford has not been served and is no longer employed by the State of California. It is unclear whether she will be represented by the State's Attorney General.

**C. Defendants MENDOZA-POWERS, MADRUGA, SURYADEVARA, and McGUINNESS'S, Factual and Legal Contentions:**

Defense counsel anticipates filing a motion to dismiss based on plaintiff's failure to exhaust his administrative remedies under FRCP 12(b). At this stage, those defendants who have been served deny the allegations set forth in Plaintiff's Complaint and assert that they did not engage in, or have any knowledge whatsoever of, any conduct violative of Mr. Collin's constitutional rights.

B. Orders Re: Amendment of Pleadings.

Plaintiff will amend the pleadings as discovery mandates. While defendants do not

presently anticipate amending any pleadings that will be filed on their behalf, defendants reserve the right to do so depending upon information discovered during the course of the litigation.

4. Factual Summary:

### A. Uncontested Facts.

Plaintiff Michael Collins has been an inmate at Avenal State Prison since February 24, 2005, and was incarcerated at the prison at all relevant times alleged in the Complaint. Defendant Kathy Mendoza-Powers was the Warden of Avenal State Prison during the relevant period of plaintiff's incarceration. Unserved Defendant Jeanne Woodford was Director of the California Department of Corrections and Rehabilitation (CDCR) during the relevant period of plaintiff's incarceration. Defendant William McGuiness was Chief Medical Officer of Avenal State Prison during a portion of the relevant period of plaintiff's incarceration.   Defendant Sampath Suryadevara was Chief Medical Officer of Avenal State Prison during a portion of the relevant period of plaintiff's incarceration. Defendant S. Madruga was the Medical Appeals Coordinator of Avenal State Prison during the relevant period of plaintiff's incarceration.

### B. Contested Facts.

Each defendant disputes any and all allegations of willful or deliberate misconduct, negligence, and/or any wrongful conduct that allegedly violated plaintiff's constitutional rights or caused any delay in the treated of plaintiff's knee. Defendants contend that plaintiff failed to exhaust his administrative remedies as required by the PLRA and is procedurally barred from bringing this action. Defendants further contend that plaintiff's state law claims are barred by the applicable  statutes of limitation. Plaintiff contends that he exhausted his administrative remedies because his request to see an orthopedist was granted and arguably he had nothing to appeal.

### C. Summary of Undisputed Legal Issues.

Defendants agree that the U.S. District Court for the Eastern District of California has jurisdiction over this lawsuit to the extent that the suit seeks relief under federal law, to

the extent that this Court finds that plaintiff is not procedurally barred from bringing this action. Defendants further agree that venue is proper.

    5. Legal Issues:

Defendants agree that the U.S. District Court for the Eastern District of California has jurisdiction over this lawsuit to the extent that the suit seeks relief under federal law, to the extent that this Court finds that Plaintiff is not procedurally barred from bringing this action. Defendants further agree that venue is proper.

    6. Consent to Magistrate Judge Jurisdiction:

Pursuant to 28 U.S.C. § 636(c), Plaintiff has consented to conduct any and all further proceedings in this case, including trial, before the assigned Magistrate Judge. Defendants have not filed a consent or a decline of Magistrate Judge jurisdiction.

    7. Discovery Plan and Cut-Off Dates:

        A. Pursuant to F.R.Civ.P.26(b), and except as the court may order after a showing of good cause, the "(p)arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any other party."

        B. Unless otherwise stipulated between the parties or ordered by the court pursuant to F.R.Civ.P.26(b)(2), discovery shall be limited as follows:

            (1) Depositions:

                a. Each side may take no more than ten (10) depositions.

                b. A deposition shall be limited to one (1) day of seven (7) hours. F.R.Civ.P.30(d).

            (2) Interrogatories:

                a. "(A)ny party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts . . ." F.R.Civ.P.33(a).

C. Pursuant to F.R.Civ.P.26(e), the parties shall supplement their disclosures and amend their

responses to discovery requests in a timely manner.

       D. The parties are ordered to complete all discovery pertaining to non-experts on or before December 7, 2007, and all discovery pertaining to experts on or before May 7, 2008.

       E. The parties are directed to disclose all expert witnesses, in writing, on or before January 18, 2008. The written designation of experts shall **be made pursuant to F.R.Civ.P. Rule 26(a)(2), (A) and (B), and shall include all information required thereunder.** Failure to designate experts in compliance with this Order may result in the court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this Order. The provisions of Fed.R.Civ.P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

    8. Pre-Trial Motion Schedule:

    All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed on or before August 20, 2008, and are heard on the second and fourth Thursdays at 1:30 p.m. in Courtroom No. 8 on the Sixth before the Honorable William M. Wunderlich, United States Magistrate Judge. **Counsel must comply with Local Rule 37-251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar. Additionally, Local Rule 5-133(f) requires courtesy copies in excess of 25 and/or 50 pages be provided to the court**.

    In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local 6-144(e). However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 37-251.

    Counsel may appear, and argue non-dispositive motions, telephonically, provided a written request to so appear is presented to Magistrate Judge Wunderlich's Courtroom Deputy no

later than five (5) court days prior to the noticed hearing date. If two or more attorneys request to appear telephonically, then it shall be the obligation and responsibility of the moving party(ies) to make prior arrangements for the conference call with an AT&T operator, IF counsel do not have conference call capabilities on their telephone systems, and to initiate the call to the court.
If WordPerfect 11 is not available to the parties, then the latest 1st version of WordPerfect, or any other word processing program in general use for IBM compatible personal computers, is acceptable.

All Dispositive Pre-Trial Motions shall be filed on or before September 15, 2008, and are heard on Mondays at 1:30 p.m. in Courtroom No. 2 on the Eighth Floor before the Honorable Anthony W. Ishii, United States District Judge. In scheduling such motions, counsel shall comply with **Local Rule 78-230**.

9. Pre-Trial Conference Date:

October 17, 2008 at 8:30 a.m. in Courtroom No. 2 on the Eighth Floor before the Honorable Anthony W. Ishii, United States District Judge. Ten (10) days prior to the Pretrial Conference, the parties shall exchange the disclosures required pursuant to F.R.Civ.P. 26(a)(3). The parties are ordered to file a **JOINT Pretrial Statement pursuant to Local Rule 16-281(a)(2).** The parties are further ordered to submit a digital copy of their Joint Pretrial Statement in WordPerfect 11₁ format to Judge Ishii's chambers by e-mail to AWIOrders@caed.uscourts.gov.

Counsels' attention is directed to **Rules 16-281 and 16-282 of the Local Rules** of Practice for the Eastern District of California as to the obligations of counsel in preparing for the Pre-Trial Conference. **The Court will insist upon strict compliance with those Rules**.

10. Trial Date: November 18, 2008 at 9:00 a.m. in Courtroom No. 2 on the Eighth Floor before the Honorable Anthony W. Ishii, United States District Judge.

A. This is a jury trial.

    B. Counsels' estimate of trial time is five to seven days.

    C. Counsels' attention is directed to **Rule 16-285 of the Local Rules** of Practice for the Eastern District of California.

    11. Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial: Defendants may, depending on the posture of the case, make a motion at the time of trial to bifurcate the issues of statute of limitations defense and/or medical malpractice defense, and for bifurcation of the trial with respect to punitive damages, if applicable.

    12. Compliance with Federal Procedure:

    The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California. To aid the Court in the efficient administration of this case, all counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing caseload. Sanctions will be imposed for failure to follow the Rules as provided in both the Fed.R.Civ.P. and the Local Rules.

    13. Compliance with Electronic Filing Requirement:

    On January 3, 2005, the United States District Court for the Eastern District of California became an electronic case management/filing district (CM/ECF). Unless excused by the Court, or by Local Rule, attorneys shall file all documents electronically as of **January 3, 2005** in all actions pending before the court. While Pro Se Litigants are exempt from this requirement, the court will scan in all documents filed by pro se litigants, and the official court record in all cases will be electronic. Attorneys are required to file electronically in pro se cases. More information regarding the Court's implementation of CM/ECF can be found on the court's web site at www.caed.uscourts.gov, including the Court's Amended Local Rules effective January 3, 2005, the Court's CM/ECF Final Procedures, and the Court's CM/ECF User's Manual.

While the Clerk's Office will not refuse to file a proffered paper document, the Clerk's Office will scan it and, if improperly filed, notify the Court that the document was filed in an improper format. An order to show cause (OSC) may be issued in appropriate cases regarding an attorney's disregard for the requirement to utilize electronic filing, or other violations of these electronic filing procedures. See L.R. 11-110, L.R. 5-133(d)(3).

If counsel has not already done so, counsel **must** register for CM/ECF as soon as possible. On-line registration is available at www.caed.uscourts.gov. Once registered, counsel will receive a login and password in approximately one (1) week. Counsel must be registered to file documents online. See L.R. 5-135(g). Counsel are responsible for knowing the rules governing electronic filing in the Eastern District. Please review the Court's Local Rules effective January 3, 2005, available on the Court's web site.

14. Effect of this Order:

The foregoing Order represents the best estimate of the Court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this Order cannot be met, counsel are ordered to notify the Court *immediately* so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations and, where appropriate, attached exhibits which establish good cause for granting the relief requested.

**FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE IMPOSITION OF SANCTIONS.**

IT IS SO ORDERED.

Dated: __June 8, 2007__              _____/s/  William M. Wunderlich_____
                                     UNITED STATES MAGISTRATE JUDGE