IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. COLLINS,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>KATHY MENDOZA-POWERS, et al.,<br><br>　　　　　Defendants. | 1:06-CV-1608  AWI GSA<br><br>ORDER VACATING DECEMBER 14, 2009, HEARING, GRANTING DEFENDANTS' RULE 41(b) MOTOIN, VACATING ALL OTHER DATES, and CLOSING CASE<br><br>(Doc. No. 56) |

　　This is a prisoner civil rights case that was brought by Plaintiff Michael Collins ("Collins") against individuals at Avenal State Prison based on inadequate medical care. Now pending before the Court is Defendants' Rule 41(b) motion to dismiss for lack of prosecution. Hearing on the motion is set for December 14, 2009. Also set for this date is the pre-trial conference. Collins has filed no response to the Rule 41(b) motion and has filed no pret-trial statement.[1]

　　Pursuant to Local Rule 78-230(c), Plaintiff was required to file either an opposition or a notice of non-opposition to the Rule 41(b) motion no later than November 30, 2009. Plaintiff failed to do so. Due to Plaintiff's failure to file a timely opposition or notice of non-opposition, he is in violation of the Local Rules and is not entitled to be heard at oral argument in opposition

---

[1] Pursuant to Local Rule 16-281(a), the latest a pre-trial statement (which would have been a joint statement) could have been filed was December 7, 2009.

to the motion.  See 78-230(c).  The Court has reviewed Defendant's motion and the applicable law, and has determined that the motion is suitable for decision without oral argument.  See Local Rule 78-230(h).  The Court will vacate the December 14, 2009, hearing and instead issue this order which disposes of the case.

## BACKGROUND

Suit in this case was filed on November 9, 2006.  See Court's Docket Doc. No. 1.  On September 30, 2009, Collins's counsel filed a motion to withdraw.  See id. at Doc. No. 51.  Collins's counsel indicated that the last contact he had with Collins was on March 26, 2009.  See id.  Counsel indicated that on May 9, 2009, Collins was released on parole.  See id.  Counsel also indicated that on August 24, 2009, Collins's parole officer advised counsel that Collins had absconded, Collins's location was unknown, and an arrest warrant had been issued.  See id.  Counsel stated that he had no address for Collins other than the now invalid prison address and knows of no family or friends who could provide information on Collins's whereabouts.  See id.  Counsel explained that he can no longer effectively represent Collins's interests and "cannot negotiate a settlement, cannot dismiss the case, and cannot go to trial without a client."  Id.

On November 2, 2009, Defendants filed an amended motion to dismiss under Rule 41(b) due to Collins's failure to participate and apparent abandonment of the matter and his attorney.  See id. at Doc. Nos. 54, 56.

November 17, 2009, the motion to withdraw was granted.  See id. at Doc. No. 60.  Collins filed no response to the motion to withdraw.  On November 19, 2009, Collins was served a copy of the order on the motion to withdraw by lodging that order with the Clerk's office, as provided by Federal Rule of Civil Procedure 5(b)(2)(D).  See id. at Doc. No. 61.  The order on the motion to withdraw advises Collins that the pre-trial conference is set for December 14, 2009, and states that a motion to dismiss for failure to prosecute is to be heard on the same date.  See id. at Doc. No. 60.

As of the date of this order, the Court has received no response of any kind from Collins.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 41(b), in relevant part, provides, "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant." Fed. R. Civ. Pro. 41(b). Local Rule 11-110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." "District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.'" Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice based on a party's failure to prosecute an action or failure to obey a court order. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with Local Rule); In re Eisen, 31 F.3d 1447, 1456 (9th cir. 1994) (dismissal for lack of prosecution); Ferdik, 963 F.2d at 1260-61 (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with Local Rules). In determining whether to dismiss an action for lack of prosecution or failure to obey a court order the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Bautista, 216 F.3d at 841; In re Eisen, 31 F.3d at 1451; Ferdik, 963 F.2d at 1260-61; Henderson, 779 F.2d at 1424; Thompson, 782 F.2d at 831.

## **DISCUSSION**

Dismissal of this case is appropriate as it is apparent that Collins has abandoned this case. Specifically, he has not contacted his counsel since March 2009, he filed no response to the motion to withdraw, he filed no pre-trial statement (which violates Local Rule 16-281), he filed

no response of any kind to Defendants' Rule 41(b) motion, and he cannot be found.  In terms of the factors that the Court is to consider, the public's interest in expeditious resolution of litigation weighs in favor of dismissal as the case has been pending for a little more than three years.  The second factor also weighs in favor of dismissal as the Eastern District of California has an exceedingly impacted docket.  The third factor, risk of prejudice to the Defendants, is presumed and weighs in favor of dismissal.  See Anderson v. Air West, Inc., 522, 524 (9th Cir. 1976).  Collins's continued absconding will unreasonably delay this three year old case.  The fifth factors weighs in favor of dismissal as the Court does not know of any other alternative.  As described above, Collins's whereabouts is completely unknown and he is not participating in any way in this case (and appears not to have done so since March 2009).  The Court does not know how this case may reasonably proceed under such circumstances.  Finally, although the fourth factor weighs against dismissal, it is substantially outweighed by the other factors.  Therefore, the Court will dismiss this case under Rule 41(b).

Because the Court is dismissing this case, all other dates, including the pre-trial conference and the trial dates, will be vacated.

Accordingly, IT IS HEREBY ORDERED that:

1. The December 14, 2009, hearing on Defendants' Rule 41(b) motion to dismiss is VACATED;
2. Defendants' Rule 41(b) motion to dismiss is GRANTED and this case is DISMISSED;
3. The Clerk of the Court shall CLOSE this case; and
4. All other dates in this case are VACATED.

IT IS SO ORDERED.

**Dated:   December 8, 2009**            /s/ Anthony W. Ishii
                                     CHIEF UNITED STATES DISTRICT JUDGE